IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL A. WILSON, *et al.* | : | |
| Plaintiffs, | : | Case No. 2:16-CV-00390 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| THOMAS J. BLANTON, JR., *et al.*, | : | Magistrate Judge Kemp |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Thomas J. Blanton, Jr.'s Motion for Relief from Entry of Default under Federal Rule of Civil Procedure 55(c). (Doc. 9.) For the reasons that follow, the Court **GRANTS** the Motion.

I.  BACKGROUND

Plaintiffs, Carol A. Wilson, Administrator of the Ohio Operating Engineers Health and Welfare Funds, and the Trustees of those Funds, filed this suit under the Employee Retirement Income Security Act ("ERISA") Section 515, 29 U.S.C. § 1145, against Defendants, Thomas Blanton Jr. and Timothy Blanton, d/b/a Blanton Landscaping, on May 3, 2016.  The suit alleges that Defendants failed to make contributions pursuant to their collective bargaining agreement with Local 18 of the Ohio Operating Engineers International Union. (Doc 1.) Both Defendants failed to answer the complaint and Plaintiffs submitted an application to the Clerk for an entry of default. (Doc. 7.) The Clerk entered default against both Defendants on July 6, 2016.  (Doc. 8 at 3.) On July 12, 2016, Thomas Blanton moved this Court to set aside the entry of default against him, which Plaintiffs oppose. (Docs. 9, 11).  Defendant Timothy W. Blanton has not moved for relief from the entry of default against him and, accordingly, that entry is not before the Court.

1

Blanton acknowledges that he received service of the lawsuit on June 8, 2016. (Doc. 9 at 2.) He declares that upon receipt of service he notified John Ruffolo, the attorney he usually retains for matters concerning his business, of the lawsuit. (Blanton Decl., Doc. 9-1 at ¶ 9.) However, due to a miscommunication, Ruffolo did not undertake representation of Blanton and never filed an answer on his behalf. (*Id.* at *¶* 9). Blanton was unaware of Ruffolo's decision not represent him until he followed up with Ruffolo at a later date. (*Id.* at ¶ 10). Soon after learning of Ruffolo's decision, Blanton retained his current counsel in this matter and filed the motion for relief from default. (*Id.* at ¶ 11.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(c), a party may move to set aside an entry of default "for good cause." On such a motion, the Court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is set aside; (2) whether the defendant has a meritorious defense; and (3) whether the defendant was willful in his default. *Dessault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 845 (6th Cir. 1983)). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter*, 705 F.2d at 846 (internal citations omitted); *Dessault Systemes*, 663 F.3d at 841.

## III. ANALYSIS

### A. Prejudice to Plaintiffs

In order to deny a motion to set aside an entry of default, a plaintiff must show prejudice beyond mere delay. *United Coin Meter*, 705 F.2d at 845. A plaintiff must demonstrate "that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide

greater opportunity for fraud and collusion.'" *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (*quoting Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

Plaintiffs' only argument as to prejudice is that Blanton Landscaping is in the process of dissolution and that granting Blanton's motion to set aside default could delay judgment in Plaintiffs' favor. But as previously noted, mere delay is an insufficient ground to deny the motion to set aside default. Moreover, because Defendant filed his motion shortly after the entry of default, the prejudice to Plaintiff resulting from delay is minimal. Therefore, the first factor weighs in favor of granting Defendant's motion.

### B. Meritorious Defense

Next, the Court considers whether Defendant has a meritorious defense to Plaintiffs' claims. Likelihood of success is not the test for whether a defense is likely to succeed on the merits; rather, the Court must determine if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Dessault Systemes*, 663 F.3d at 843 (*quoting United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010)). A defense is sufficient to merit setting aside a default if it contains "even a hint of suggestion which, proven at trial, would constitute a complete defense." *INVST Fin. Group*, 815 F.2d at 391.

In his proposed answer, Defendant asserts eleven affirmative defenses, including failure to mitigate, duress or undue influence, lack of consideration, failure to state a claim, statute of limitations, unclean hands, lack of standing, laches, and defenses that damages resulted from Plaintiffs' or third-party actions. (Doc. 9, Ex. B at 13-14.) The Sixth Circuit has ruled that Section 515 of ERISA precludes defenses that arise out of union conduct, defects in contract formation, and lack of consideration. *Orrand v. Scassa Asphalt, Inc.*, 794 F.3d 556, 563-564, 566

3

(6th Cir. 2015). Further, the Sixth Circuit has held that laches is not a viable defense under § 515 when the suit is brought within the applicable statute of limitations. *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1055 (6th Cir. 2015). Therefore, § 515 precludes Defendant's affirmative defenses of duress or undue influence, lack of consideration, any defense based upon union conduct, and the doctrine of laches. That leaves the defenses of failure to mitigate; failure to state a claim; statute of limitations; lack of standing; and that damages resulted from Plaintiffs' or third-party actions.

In reviewing Defendant's first defense, while § 515 appears to preclude the consideration of almost any defense related to the action of unions, the Sixth Circuit has left open the question of whether a defense based upon the acts or omissions of a fringe-benefit fund is also precluded. See *id.* at 1056. Further, the Sixth Circuit has recognized the contract defense of fraud in the execution that would render the contract void *ab initio* and prevent a fringe-benefit fund from collecting. *Id.* at 1052. Because Defendant has a colorable argument that some of his defenses are "good at law," this factor weighs in favor of setting aside the entry of default. *Dessault Systemes*, 663 F.3d at 843 (*citing $22,050*, 595 F.3d at 326).

### C. Culpable Conduct of the Defendant

Finally, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dessault Systemes*, 663 F.3d at 841 (*quoting Shepard Claims Serv. Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1992)). In defaults attributable to an attorney's inaction, courts frequently grant relief from default. *Savin Corp. v. C.M.C. Corp.*, 98 F.R.D. 509, 510 (N.D. Ohio 1984). This is especially true when defense counsel acts immediately to cure the default. *Id.* at 511.

4

Defendant contends that he did not act willfully in failing to file an answer because he thought his regular attorney was representing him and the attorney took no action.  (Thomas Decl., Doc. 9-1 at ¶ 9.)  Defendant also contends that he did not know until speaking a second time with Ruffolo that Ruffolo had not agreed to represent him in this lawsuit.  (*Id.* ¶ 10.)  Plaintiffs counter that Defendant is experienced in retaining counsel for his business affairs and, therefore, his conduct is culpable. While it is likely true that Defendant has dealt with lawyers for his business matters, this Court will not take the "drastic step which should be resorted to only in the most extreme cases" of imposing a default judgment as a result of a miscommunication, particularly because Defendant took immediate action to retain counsel after learning that his regular attorney declined to take the case. *United Coin Meter*, 705 F.2d at 845.  Further, the expediency of the filing of the motion for relief from default also strengthens Defendant's arguments. The Court concludes that Defendant did not display intent to thwart this judicial proceeding or a reckless disregard for the effect of his conduct on the proceeding. Therefore, the third factor also favors granting Defendant's motion.

## IV.    CONCLUSION

Because the Court finds that Plaintiffs will be only minimally prejudiced, Defendant has a meritorious defense, and Defendant's conduct was not culpable, Defendant Thomas Blanton's Motion for Relief from Entry of Default is **GRANTED**.  (Doc. 9.)

**IT IS SO ORDERED.**

                                              **/s/ Algenon L. Marbley**
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED:  September 28, 2016**