```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Carol A. Wilson, Administrator,:
et al.,

       Plaintiffs,       :

   v.                             :      Case No. 2:16-cv-390

                                   :      JUDGE ALGENON L. MARBLEY
Thomas J. Blanton, Jr., et al.,    Magistrate Judge Kemp

       Defendants.      :

<u>REPORT AND RECOMMENDATION</u>

    Plaintiff has filed an application for entry of default against defendant Timothy W. Blanton.  For the following reasons, it will be recommended that the application for entry of default be denied.

    I.  <u>Background</u>

    Plaintiffs, the Administrator and Trustees of various Ohio employee benefit plans, filed this action on February 9, 2016, naming as defendants Thomas J. Blanton, Jr. and Timothy W. Blanton, individuals both alleged to be doing business as Blanton Landscaping.  (Doc. 1).  The complaint alleges that "Defendant" (which apparently refers to the business concern, Blanton Landscaping) failed to make contributions to the funds as it was obligated to do under a heavy highway construction agreement and addendum.  (Doc. 1, Ex. A).  The agreement and addendum attached to the complaint purport to have been entered into by Blanton Landscaping; each document appears to have been signed "For the Company" by Thomas Blanton.  The complaint does not allege that Timothy Blanton signed any agreements with Plaintiffs, nor does it attach any such agreements.

Separate summons were issued for Thomas and Timothy Blanton "D/B/A Blanton Landscaping." Both of them were served on June 8, 2016. (Doc. 4-5). On July 5, 2016, the plaintiffs applied for and received an entry of default. (Doc. 7-8). On July 12, 2016, Thomas Blanton filed a motion for relief from entry of default, which the court granted on September 28, 2016. (Doc. 9, 13). He then filed an answer to the complaint and a case management order has been issued. (Doc. 17).

Unlike Thomas, Timothy filed nothing. On November 22, 2016, the plaintiffs moved for default judgment against him. (Doc. 18). The time for responding has passed and no response has been filed. The motion now is ripe for decision.

## II.  Discussion

Under the Federal Rules of Civil Procedure, a plaintiff is not automatically entitled to a default judgment simply because a defendant is properly served and fails to answer. When a party applies to the Court for a default judgment under Rule 55(b)(2), the Court has discretion to determine whether such a judgment is appropriate. One of the factors to consider is "whether the facts alleged in the complaint state a valid cause of action." Cox v. Correctional Medical Services, Inc., 2007 WL 2873049, *4 (E.D. Mich. Sept. 26, 2007), citing, *inter alia*, Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). Although failing to respond to a complaint is an admission of the facts set forth in the complaint, those facts "may or may not be sufficient to establish a defendant's liability." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F.Supp.2d 1353, 1357 (S.D. Ga.2004).

The primary problem with the motion for default judgment is that the complaint does not, on its face, allege any facts under which Timothy Blanton can be held liable. The complaint names him as an individual and does not allege that he ever entered

into an agreement to make contributions to any of the Plaintiff funds. Absent such facts, the complaint does not support the entry of a default judgment.

Both Blantons were sued as individuals "D/B/A" Blanton Landscaping. That description does not alter the fact that each was sued in his individual capacity. "A 'doing business as' designation is merely descriptive of the person who does business under some other name." In re Viva Vista Ventures, Inc., 2010 WL 3366408 (Bankr. N.D. Ohio August 23, 2010), citing Trustees of the Mason Tenders, Dist. Council Welfare Fund v. Faulkner, 484 F.Supp.2d 254, 257 (S.D.N.Y. 2007). However, "[i]t does not involve an entity separate from the person operating the business." Id. As explained by one court in noting that courts faced with the issue have held that the use of the d/b/a designation within a caption is not legally significant:

> "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names, remains one person, personally liable for all his obligations. So also with a corporation which uses more than one name.

Woodall v. Underwriters at Lloyds, London, 2007 WL 1231688, *2 (E.D. Tenn. April 26, 2007) (citations omitted); see also Pension Ben.Guar. Corp. v. Uforma/Shelby Business Forms, Inc., 2014 WL 221941, *5 (S.D. Ohio Jan. 21, 2014) (under Ohio law, the sole proprietorship has no legal identity separate from the individual who owns it).

Neither the court record nor a search of the Ohio Secretary of State reveals an Ohio registered legal entity named "Blanton Landscaping," and Plaintiff does not allege that this "company" has a separate legal existence. Under Ohio law, a limited

liability company, and a corporation are distinct legal entities separate from an individual, see Ohio Revised Code §§1701.01, *et seq.*; 1705.01, *et seq*, but a D/B/A does not.  As a result, the name Blanton Landscaping is simply descriptive of Thomas and Timothy as individuals.  That means that when Thomas signed agreements on behalf of Blanton Landscaping, he was simply signing them as an individual.  Absent any allegation in the complaint that he also had the authority to bind Timothy, as an individual, to those agreements, there would appear to be no basis on which a judgment could be entered against Timothy for breach of those agreements.  Consequently, the Court will recommend that the application for default be denied.

## IV.

For the reasons set forth above, it is recommended that the motion for default judgment (Doc. 18) be denied.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the

right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge